# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLUEALLELE CORPORATION,<br><br>　　　　Plaintiff and Counterclaim-Defendant,<br><br>　v.<br><br>INTELLIA THERAPEUTICS, INC.,<br><br>　　　　Defendant and Counterclaim-Plaintiff. | C.A. No. 24-cv-0791-JFM |

## [PROPOSED] SCHEDULING ORDER

This ____ day of _____, 2025, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

**IT IS ORDERED that:**

1.　<u>Rule 26(a)(1) Initial Disclosures</u>.  The parties served their Rule 26(a)(1) Initial Disclosures on **February 7, 2025**.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery and incorporated herein by reference.

2.　<u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **July 17, 2025**.  Such motions must follow the provisions of Paragraphs 7(g) and 8.

3. <u>Application to the Court for Protective Order</u>.  Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court no later than **February 28, 2025**.  Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include language to the following effect: "The Court retains the right to allow disclosure of any subject covered by this order or to modify this order at any time in the interest of justice."

Any proposed protective order must also include the following paragraph:

> <u>Other Proceedings</u>.  By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated ["confidential"/"highly confidential"] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal</u>.  In accordance with Section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, available at https://www.ded.uscourts.gov/sites/ded/files/CMECF-DEAdminProc-%202023%20January.pdf, a redacted version of any sealed document shall be filed electronically within **seven (7) days** of the filing of the sealed document.

Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing

or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5. Courtesy Copies. For any dispositive motion or brief (e.g., Civil Rule 12, 50, 56) or responsive brief that includes exhibits, counsel must send (by e-mail or file transfer service) a PDF courtesy copy to chambers (murphy_chambers@paed.uscourts.gov). The PDF copy must:

- Be as-filed, i.e., with the ECF notations at the top of each page;
- Include the main documents and all exhibits in one single PDF file;
- Use PDF bookmarks for exhibits and for sections in longer documents;
- Be text-searchable, including exhibits; and
- Have a file name that reflects the case number, docket number(s), and a description.

Paper courtesy copies are not to be sent to chambers unless requested.

6. Disclosures. Absent agreement among the parties, and approval of the Court:

a. No later than **March 6, 2025**, Plaintiff[1] shall identify the accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)], including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)] allegedly infringe(s). Plaintiff shall also produce the file history for each asserted patent.

---

[1] For purposes of this Scheduling Order, Plaintiff and Defendant are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4.

b. No later than **April 3, 2025**, Defendant shall produce core technical documents related to the accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)], sufficient to show how the accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)] work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, [*BlueAllele*: specifications, and lab notebooks; *Intellia*: and specifications]. Defendant shall also produce sales figures, to the extent any exist, for the accused [*BlueAllele:* technology/technologies; *Intellia*: product(s)] [*BlueAllele:* and any licenses covering the accused technology/technologies; *Intellia*: N/A].[2]

---

[2] *BlueAllele*: BlueAllele seeks core technical information about Intellia's use of BDIT technology/technologies, rather than its "product(s)," in order to understand Intellia's use of BDIT for basic research, as a research tools, and in manufacturing. This includes discovery into Intellia's lab notebooks relating to the development and use of BDIT technology/technologies. Intellia's proposed limitation to "product(s)" is vague and is designed to improperly limit its core technical disclosure into only Intellia's ***late-stage*** work, rather than DNA constructs made during development and early-stage research where no safe harbor defense is applicable. BlueAllele's concern that Intellia will not provide this information is well-founded. Intellia has already attempted to limit discovery into the full scope of its uses of BDITs. For example, in response to an interrogatory seeking details regarding the creation and use of BDITs, Intellia identified one clinical-stage program, and nothing else.

As noted by the Court, "BlueAllele alleges that Intellia uses BDITs as research tools as part of manufacturing and identifying potential therapeutic candidates." (D.I. 35 at 5.) The Court further noted the question of safe harbor is unique in this case: "There may be some logical way to distinguish early-stage manufacturing and research uses as BlueAllele suggests, or perhaps Intellia is correct — but that decision needs to be ***made on a complete factual record*** rather than hypotheticals and documents with which we have no help interpreting." (*Id.* at 6 (emphasis added).) In order for a factual record be adequately developed to permit BlueAllele to timely provide fulsome infringement contentions, core technical documents detailing Intellia's use of BDIT technology, not just it deems to be its "products," need to be produced early in the case.

*Intellia*: Contrary to BlueAllele's argument, Intellia's proposed language does not "limit discovery" and is not "vague"; it is the ***exact language*** of the Delaware Default Standard for Discovery ("Default Standard"). *E.g.*, *id*. at ¶ 4(a) ("the plaintiff shall specifically identify the ***accused products***") (emphasis added), ¶ 4(b) ("defendant shall produce . . . core technical documents related to the ***accused product(s)***") (emphasis added). It is BlueAllele that is asking the Court to deviate from that language. The purpose of core technical documents is to show how Intellia's products work, so that BlueAllele can provide Intellia with an "initial claim chart" with

c. No later than **May 1, 2025**, Plaintiff shall produce an initial claim chart relating each known accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)] to the asserted claims each such [*BlueAllele*: technology/technologies; *Intellia*: product(s)] allegedly infringe(s).

d. No later than **May 29, 2025**, Defendant shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

7. Discovery. Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in the Federal Rules and Local Rule 26.1 shall be observed.

a. Discovery Cut Off. All fact discovery in this case shall be initiated so that it will be completed on or before **March 19, 2026**.

b. Document Production. Document production shall be substantially complete by **November 20, 2025**.

c. Requests for Admission. A maximum of **50 requests for admission** are permitted for each side. The parties agree to work cooperatively towards stipulations on authenticity of documents produced.

d. Interrogatories.

i. A maximum of **25 interrogatories**, including contention interrogatories, are permitted for each side.

---

its initial infringement contentions. *Id*. at ¶ 4(c). The core technical document production is not intended to address affirmative defenses like safe harbor or to require that Intellia identify accused products. Nor is it meant to supplant the rest of fact discovery (which has just begun). BlueAllele's purported concern that Intellia will withhold information on potentially infringing uses of BDITs is baseless (and irrelevant to the scope of initial exchanges). And BlueAllele mischaracterizes Intellia's interrogatory response, which expressly states that Intellia "will undertake a reasonable investigation to further respond to this interrogatory."

5

        ii.      The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if served, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatories shall be judged by the level of detail each party provides (i.e. the more detail the party provides, the more detail the party shall receive).

    e.    <u>Depositions</u>.

        i.      <u>Limitation on Hours for Deposition Discovery</u>. The number of depositions against each party is limited to 10 depositions, including party and non-party fact witnesses and excluding expert depositions. Each side is limited to a total of **70 hours** for depositions of party, third party, and Rule 30(b)(6) testimony by deposition upon oral examination. All depositions shall be limited in accordance with Fed. R. Civ. P. 30 to 1 day of 7 hours per witness. Each party is entitled to serve one (1) Rule 30(b)(6) notice, which counts as one (1) deposition limited to a total time of 14 hours which shall count towards the total limit of 70 hours of deposition testimony per side.

        ii.      <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court. The Parties agree to meet and confer in good faith regarding the location of depositions and to conduct a deposition by remote means (e.g., Zoom or other similar means) at the agreement of both Parties and the witness. For avoidance of doubt, the parties reserve the right to take or defend depositions in person.

6

   f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **April 16, 2026**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 14, 2026**. Reply expert reports from the party with the initial burden of proof are due on or before **June 11, 2026**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. No later than **June 11, 2026**, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

   g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Discovery disputes and disputes relating to protective orders will be resolved by motion practice, consistent with Local Rule 7.1.1, 7.1.2, and Judge Murphy's policies and procedures. Be aware that the court may order a shortened response time and immediate videoconference hearing.

8. <u>Motions to Amend / Motions to Strike</u>.

   a. Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g), above.

    b. Any motion to amend shall attach the proposed amended pleading as well as a redline comparison to the prior pleading.  Any motion to strike shall attach the document sought to be stricken.

  9. <u>Technology Tutorials.</u>  Technology tutorials are not required by the Court, but if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

  10. <u>Claim Construction Issue Identification</u>.  On or before **June 26, 2025**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  This document will not be filed with the Court.  On or before **July 10, 2025,** the parties shall exchange their proposed claim construction of those term(s)/phrase(s), as well as a list of intrinsic evidence to support those constructions.  Subsequent to that exchange, the parties will meet and confer regarding their proposed constructions and prepare a Joint Claim Construction Chart to be filed on **July 24, 2025**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is and how it differs from the other party's proposed construction.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

  11. <u>Claim Construction Briefing.</u>  Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **August 21, 2025**.  Defendant shall serve, but not file, their answering brief, not to exceed 30 pages, on **September 18, 2025**.  Plaintiff shall serve, but not file, their reply

brief, not to exceed 20 pages, on **October 9, 2025**. Defendants shall serve, but not file their sur-reply brief, not to exceed 10 pages, on **October 30, 2025**. No later than **November 6, 2025**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

<strong>JOINT CLAIM CONSTRUCTION BRIEF</strong>

    I.     Agreed-upon Constructions

    II.    Disputed Constructions

        A.    [TERM 1]

            1.    Plaintiff's Opening Position

            2.    Defendant's Answering Position

            3.    Plaintiff's Reply Position

            4.    Defendant's Sur-Reply Position

        B.    [TERM 2]

            1.    Plaintiff's Opening Position

            2.    Defendant's Answering Position

            3.    Plaintiff's Reply Position

            4.    Defendant's Sur-Reply Position

And so forth. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    12.    <u>Hearing on Claim Construction</u>. Beginning at **9:00 a.m.** on **November 14, 2025**, or at the Court's convenience, the Court will hear argument on claim construction. The parties

need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their Joint Claim Construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

13. <u>Case Dispositive Motions</u>.

a. Any case dispositive motions, opening briefs, and affidavits, if any, in support of any motions shall be served and filed on or before **August 6, 2026**. Responsive briefs shall be served and filed on or before **September 3, 2026**. Reply briefs shall be served and filed on or before **September 24, 2026**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

b. <u>Page limits combined with Daubert motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired, provided, however, that each *side* will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs. In the event that a party files, in addition to a case dispositive motion, a Daubert motion to exclude or preclude all or any portion of an expert's testimony, the total number of pages permitted for all case dispositive and Daubert motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each *side*.

14. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

15. <u>Amendments to the Scheduling Order</u>.  Any stipulation or other request to amend the scheduling order shall include a chart that lists each court-ordered event with a deadline/date (even if it is not being changed), the current deadline/date, and the new proposed deadline/date.

16. <u>Motions in Limine</u>.  Motions in limine shall not be separately filed.  All in limine requests and responses thereto shall be set forth in the proposed pretrial order.  Each side shall be limited to three in limine requests, unless otherwise permitted by the Court.  The in limine request and any response shall contain the authorities relied upon.  Each in limine request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the side making the in limine request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or opposing an in limine request, such support or opposition shall be combined in a single three-page submission (and, if the moving party, a single one-page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

17. [*BlueAllele*: <u>Pretrial Conference</u>.  On **November 23, 2026**, or at the Court's convenience, the Court will hold a Rule 16(e) final pretrial conference beginning at **9:00 a.m.**  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. one week before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.; *Intellia*: N/A].[3]

---

[3] *BlueAllele*: BlueAllele proposes including trial dates and pre-trial deadlines in the schedule to promote certainty for any witnesses and to keep the case moving forward.  A date-certain for trial is standard Delaware practice.
*Intellia*: Intellia defers to Judge Murphy's standard practice of not setting deadlines for pretrial exchanges or a trial date at this early stage of the litigation.  To the extent the Court is inclined to set a deadline for pretrial exchanges and a trial date, Intellia does not object to BlueAllele's proposed language.

11

18. [*BlueAllele*: Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms seven days before the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is.; *Intellia*: N/A].[4]

19. [*BlueAllele*: Trial. This matter is scheduled for a 5-day jury trial beginning at 9:30 a.m. on **December 7, 2026**, or at the Court's convenience, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.; *Intellia*: N/A].[5]

 

_____
The Honorable John F. Murphy
UNITED STATES DISTRICT JUDGE

---

[4] *BlueAllele*: See above.
*Intellia*: See above.
[5] *BlueAllele*: See above.
*Intellia*: See above.

**PROPOSED CASE DEADLINES**

| Event | Proposed Date |
|---|---|
| Rule 26(f) Conference | Friday, January 31, 2025 |
| Parties to serve Rule 26(a)(1) Disclosures | Friday, February 7, 2025 |
| Parties to exchange Default Standard Paragraph 3 Initial Disclosures | Friday, March 21, 2025 |
| Parties to file proposed Scheduling Order | Friday, February 14, 2025 |
| Rule 16 Conference | Friday, February 21, 2025 |
| Parties to file proposed Protective Order | Friday, February 28, 2025 |
| Plaintiff to identify the accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)] and the asserted patent(s) and produce file histories (Default Standard Paragraph 4(a)) | Thursday, March 6, 2025 |
| Defendant's production of core technical documents related to accused [*BlueAllele*: technology/technologies; *Intellia*: product(s)] (Default Standard Paragraph 4(b)) | Thursday, April 3, 2025 |
| Plaintiff's initial infringement contentions and claim charts (Default Standard Paragraph 4(c)) | Thursday, May 1, 2025 |
| Defendant's initial invalidity contentions and claim charts (Default Standard Paragraph 4(d)) | Thursday, May 29, 2025 |
| Parties to exchange list of claim terms for construction | Thursday, June 26, 2025 |
| Parties to exchange proposed constructions of those terms and intrinsic evidence | Thursday, July 10, 2025 |
| Last day to move to join parties or amend pleadings | Thursday, July 17, 2025 |
| Parties to file Final Joint Claim Construction Chart | Thursday, July 24, 2025 |
| Plaintiff to serve Opening Claim Construction Brief | Thursday, August 21, 2025 |
| Defendant to serve Answering Claim Construction Brief | Thursday, September 18, 2025 |
| Plaintiff to serve Reply Claim Construction Brief | Thursday, October 9, 2025 |
| Defendant to serve Sur-Reply Claim Construction Brief | Thursday, October 30, 2025 |
| Parties to Submit Joint Claim Construction Brief | Thursday, November 6, 2025 |
| *Markman* Hearing | Thursday, November 14, 2025, or at the Court's convenience |

| Event | Proposed Date |
|---|---|
| Substantial completion of document production | Thursday, November 20, 2025 |
| Close of Fact Discovery | Thursday, March 19, 2026 |
| Parties to exchange Opening Expert Reports | Thursday, April 16, 2026 |
| Parties to exchange Rebuttal Expert Reports | Thursday, May 14, 2026 |
| Parties to exchange Reply Expert Reports | Thursday, June 11, 2026 |
| Close of Expert Discovery | Thursday, July 9, 2026 |
| Opening case dispositive motions, including *Daubert* | Thursday, August 6, 2026 |
| Rebuttal to case dispositive motions, including *Daubert* | Thursday, September 3, 2026 |
| Reply to case dispositive motions, including *Daubert* | Thursday, September 24, 2026 |
| Pre-Trial Conference | [*BlueAllele*: Monday, November 23, 2026, or at the Court's convenience; *Intellia*: TBD] |
| Jury Trial | [*BlueAllele*: Monday, December 7, 2026, or at the Court's convenience; *Intellia*: TBD] |