# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| ALL MATTERS BEFORE JUDGE JOHN F. MURPHY | : GENERAL ORDER |
| | : |
| | : |
| | : |

## GENERAL ORDER RE: FILING UNDER SEAL

**AND NOW**, this 1st day of October 2025, upon considering the recent changes to how documents are stored, managed, and retrieved under seal,[1] and upon noting that in this case, the parties have filed sealed documents or are likely to attempt to do so, the parties in this case are hereby **ORDERED** to take the following measures:

1. Become facile with the new procedures for storing and retrieving documents under seal. While necessary, we must all acknowledge that the procedures impose new burdens on the parties and chambers staff, and we must work together to maintain both security and efficiency.

2. Re-read and re-review Judge Murphy's policies and procedures with respect to filing documents under seal, courtesy copies, and appropriate labeling of documents filed on ECF. Your case may have a controlling scheduling order or other order reflecting a different arrangement for filing documents under seal. Nonetheless, non-conflicting aspects of Judge Murphy's default policies and procedures may inform your approach.

---

[1] Background on the issue is available in the recent standing orders of the Eastern District of Pennsylvania (https://www.paed.uscourts.gov/sites/paed/files/documents/locrules/standord/SO_SealedDocuments.pdf) and the District of New Jersey (https://www.njd.uscourts.gov/sites/njd/files/StandingOrderreSealingECF.pdf). If the District of Delaware issues a similar standing order, this order should be read consistently with Delaware's guidance.

3.     Be extremely judicious with what you seek to file under seal.  Follow *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 671-73 (3d Cir. 2019) and scrupulously and educate your clients on that caselaw so they appreciate the Third Circuit's standard.  Carefully consider whether information can justifiably be filed under seal under the *Avandia* standard, and do not accept your own, your client's, or opposing counsel's views without thorough reflection and examination.  Raise disputes if authentic and necessary.  Give special attention to whether purportedly confidential information could simply be omitted; in our experience, it is almost always superfluous or lends no help for deciding the issue at hand.  If necessary, carefully consider whether all confidential information can be kept out of the key documents (the motion, brief, and proposed order) and instead limited to one under-seal exhibit.  And there is always the option of simply identifying the availability of confidential information *upon request by the court*.[2]

4.     Immediately e-mail to chambers (murphy_chambers@paed.uscourts.gov) courtesy copies of <u>everything</u> filed under seal.  We are willing and able to receive sealed documents sent by encrypted means if that suits your needs.  Serve all parties entitled to service accordingly.

5.     Use the ECF descriptions to label all ECF filings, <u>especially</u> documents filed under seal, so that the docket text reflects the contents.  It is not acceptable to label an

---

[2] In most of Judge Murphy's Delaware cases, the parties do not need document-by-document individual preauthorization to file under seal.  That reflects a high degree of faith in the expertise of Delaware counsel and a commitment to following the guidance in this paragraph.  In a case where counsel cannot consistently follow *Avandia* on their own, we will resort to the document-by-document approach.

attachment "Exhibit A" or "Exhibit B."  Rather, on the docket, it should say "2024 Sales Contract" or "Smith Dep. Transcript" or the like.  This is especially critical because of the multi-click process now required to retrieve documents under seal.

6. Within 3 days of the date of this order, file a joint certification that all counsel understand, have complied, and will comply with this order.

*[signature]*
MURPHY, J.

3